


**RECEIVED FEB 24 2015 LAW DEPARTMENT**

# Notice of Service of Process

null / ALL
Transmittal Number: 13487611
Date Processed: 02/20/2015

| | |
|---|---|
| Primary Contact: | Karen Santucci<br>United Stationers Inc.<br>1 Parkway North<br>Suite 100<br>Deerfield, IL 60015 |
| Entity: | ORS Nasco, LLC<br>Entity ID Number 3172376 |
| Entity Served: | ORS Nasco, LLC |
| Title of Action: | Katrina Rogers vs. ORS Nasco, LLC |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Discrimination |
| Court/Agency: | Tulsa County District Court, Oklahoma |
| Case/Reference No: | CJ-2015 00527 |
| Jurisdiction Served: | Oklahoma |
| Date Served on CSC: | 02/19/2015 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Daniel E. Smolen<br>918-585-2667 |
| Notes: | Document contains lines |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
CSC is SAS70 Type II certified for its Litigation Management System.
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

**EXHIBIT "2"**

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

KATRINA ROGERS, )
)
Plaintiff, )
) Case No. CJ-2015 00527
vs. )
)
ORS NASCO, LLC, a Foreign Limited ) Attorney Lien Claimed
Liability Company, )
)
Defendant. )

## ORIGINAL SUMMONS

**SERVE BY U.S. CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

ORS Nasco, LLC
c/o Corporation Service Company
Oklahoma City, OK  73139

To the above-named Defendant(s)

You have been sued by the above named plaintiff(s), and you are directed to file a written answer to the attached petition and order in the court at the above address within twenty (20) days after service of this summons upon you exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff. Unless you answer the petition within the time stated judgment will be rendered against you with costs of the action.

Issued this ____ day of _____, 2014

County Court Clerk

By _____
Deputy Court Clerk

(Seal)

This summons and order was served on

_____
(Signature of person serving summons)

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THIS SUMMONS.

**Return ORIGINAL for filing.**
**PERSONAL SERVICE**

I certify that I received the foregoing Summons the ____ day of _____, 2014, and that I

delivered a copy of said Summons with a copy of the Petition to the following named defendant personally in _____ County, _____ at the address and on the date set forth opposite each name, to-wit:

| Name of Defendant | Address | Date of Service |
|---|---|---|
| | | |

## USUAL PLACE OF RESIDENCE

I certify that I received the foregoing Summons on the _____ day of _____, 2014, and that on _____, I served _____ by leaving a copy of said summons with a copy of the attached Petition at _____, which is his/her dwelling house or usual place of abode, with _____, a person then residing therein, who is fifteen (15) years of age or older.

## NOT FOUND

Received this Summons this _____ day of _____, 2014. I certify that the following persons of the defendant within named not found in said County:

## FEES

Fee for service $_____, Mileage $_____,
Total $_____
Dated this _____ day of _____, 2014.
By:
Sheriff of _____ County,

## AFFIDAVIT

I, _____, the undersigned, under oath, do say that I served this Summons and made the return thereon, according to law that I am duly authorized to make this affidavit so help me God.
Sheriff of _____ County,

Subscribed to and sworn to before me this _____ day of_____, 2014.
My Commission Expires: _____
Seal                    Notary Public

## CERTIFICATE OF SERVICE BY MAIL

I certify that I mailed copies of the foregoing summons with a copy of the Petition to the following named defendant at the address shown by certified mail, addressee only, return receipt requested, on the _____ day of _____, 2014, and receipt thereof on the dates shown:

| Defendant | Address Where Served | Date Receipted |
|---|---|---|
| | | |

Signature of person mailing summons

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

KATRINA ROGERS, )
 )
 Plaintiff, )
 ) Case No. **CJ-2015 00527**
vs. )
 )
ORS NASCO, LLC, a Foreign Limited ) Attorney Lien Claimed
Liability Company, )
 )
 Defendant. )

DANA LYNN KUEHN

**DISTRICT COURT FILED FEB - 6 2015**

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

### PETITION

COMES NOW the Plaintiff, Katrina Rogers, through her attorneys of record, Daniel E. Smolen and Lauren G. Lambright, of SMOLEN, SMOLEN & ROYTMAN, PLLC, and brings this action against the Defendant, ORS Nasco, LLC, for violations of her constitutionally protected rights arising out of her employment by said Defendant.

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a citizen of the United States of America and a resident of Tulsa County, Oklahoma.

2. Defendant, ORS Nasco, LLC, conducts regular business in Tulsa County and regularly employs more than fifteen (15) people.

3. This is an action for damages and to secure protection of and to redress deprivation of rights secured by Title VII of the Civil Rights act of 1964, as amended 42 U.S.C §2000-2 hereinafter ("Title VII"), providing for relief against discrimination in employment and failure to promote on the basis of gender and pregnancy.

4. Plaintiff, a resident of the State of Oklahoma, filed a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC")

complaining of discrimination and failure to promote due to gender and pregnancy. A Notice of Right to Sue was received by the Plaintiff and this Petition has been filed within ninety days (90) of the receipt of the Notice of Right to Sue. As such, the Plaintiff has complied fully with all exhaustion prerequisites required under Title VII.

5.  Jurisdiction of the Court is proper under § 706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3). In addition, jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1343 (Civil Rights), and 28 U.S.C. § 1337 (Acts of Congress regulating commerce).

6.  Compensatory damages are sought pursuant to 42 U.S.C. § 2000e-5(g).

7.  Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e 5(g).

8.  Punitive damages are sought pursuant to 42 U.S.C. § 2000e-5(g).

9.  This action lies properly in Tulsa County because the Defendants conduct regular business in Tulsa County.

## FACTS COMMON TO ALL CLAIMS

10. Plaintiff, Katrina Rogers, incorporates as if realleged Paragraphs 1-9.

11. The Plaintiff is a female.

12. The Plaintiff began employment with the Defendant in August 2012 and was hired into the position of Product Information Specialist.

13. In July 2013 the Plaintiff was informed she would be promoted to the position of Product Setup Specialist and completed a week-long training program to learn how to do the job. This position was a pay grade higher than Plaintiff's current position and also allowed for health benefits and a laptop computer.

14. The Plaintiff waited patiently to be moved into the Product Setup position and was told she would be placed in the position once a lead was assigned. Then in October 2013, Kathy, a lead in the Product Setup Position, had a stroke. The Plaintiff was required to cover Kathy's position and was told she would be moved into Kathy's position. The Plaintiff completed the job duties of the position with no issues but was not compensated for the work at the rate in which the position paid. Again, on December 2, 2013, Plaintiff was told she would be promoted to the position.

15. On December 5, 2013, the Plaintiff informed her supervisor, Brad Jeffers, that she was pregnant. In February 2014 the Plaintiff was informed that she was no longer qualified for the Product Setup position, despite the number of times she was promised the position in the prior months. Up until this point, the Plaintiff had always received exceptional performance reviews and was never told she had any issues with performance.

16. Then, during her performance review in February 2014, the Plaintiff was informed that she was deficient in certain areas of Excel, but when she asked for examples, none could be cited. She was then told that she was no longer qualified for the Product Setup Position and that she would not be receiving a promotion into that role.

17. The Plaintiff contacted David McCann in Human Resources and complained about the fact that she was no longer going to receive the position once her supervisor learned she was pregnant and complained that she had been completing the job duties for the role of Product Setup Specialist since July 2013 and had not been receiving pay for doing the job. His response was that she should have never been promised the job and that they hoped she would return to her previous position after her maternity leave.

3

18.     The Plaintiff believes she was not promoted due to her pregnancy, in violation of Title VII protecting against gender discrimination on the basis of pregnancy.

## FIRST CLAIM FOR RELIEF: GENDER DISCRIMINATION BASED UPON PREGNANCY IN VIOLATION OF TITLE VII

19.     Plaintiff, Katrina Rogers, incorporates as if realleged Paragraphs 1-18.

20.     By failing to promote the Plaintiff upon learning she was pregnant, Defendant has violated Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management and executives;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF: DISCRIMINATION IN VIOLATION OF THE OADA

21.     Plaintiff, Katrina Rogers, incorporates as if realleged Paragraphs 1-20.

22.     By failing to promote the Plaintiff upon learning she was pregnant, the Defendant and its agents have violated the Oklahoma Anti-Discrimination Act 25 O.S. § 1101 et seq.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendants' management and executives;
d. Her attorney fees and the costs and expenses of this action;

  e. Such other relief as the Court deems just and equitable.

## THIRD CLAIM FOR RELIEF:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (AS TO ALL DEFENDANTS)

23. Plaintiff, Katrina Rogers, incorporates as if realleged Paragraphs 1-22.

24. The Defendant's actions of intentional and malicious discrimination are extreme and outrageous and have caused severe emotional and psychological damage to the Plaintiff.

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management and executives;
d. Her attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant her the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000), with interest accruing from date of filing of suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000), back pay and lost benefits, compensatory damages for mental anguish, pain and suffering and other non-pecuniary loss, reasonable attorneys fees, injunctive relief, and all other relief deemed appropriate by this Court.

Respectfully submitted,
SMOLEN, SMOLEN & ROYTMAN
P.L.L.C.

_____
Daniel E. Smolen, OBA# 19943
Lauren G Lambright, OBA# 22300
701 South Cincinnati Avenue
Tulsa, OK 74119
P: (918) 585-2667
F: (918) 585-2669
*Attorneys for Plaintiff*

6



Smolen | Smolen | Roytman
ATTORNEYS AT LAW
701 S. Cincinnati Ave. Tulsa, OK 74119
www.ssrok.com

CERTIFIED MAIL™

7012 2920 0002 3932 6875

UNITED STATES POSTAGE
$006.69
FEB 16 2015
MAILED FROM ZIP CODE 74119

ORS Nasco, LLC
c/o Corporation Service Company
115 SW 89th Street
Oklahoma City, OK  73139